UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COVINGTON SPECIALTY
INSURANCE,

        Plaintiff,
v.                                    Case No. 8:18-cv-1299-T-33MAP

HILLSBOROUGH, LLC d/b/a
RIVERSIDE VILLA APARTMENTS,
DAVID DAVIDSON, DEBORAH DENTON
STEARNS, and DANNY STEARNS,

        Defendants.
_____/

**ORDER**

This cause is before the Court sua sponte. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, Federal Courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And "because a federal court is powerless to act beyond its statutory

grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

**Diversity Jurisdiction**

It is well settled that "for federal diversity jurisdiction to attach, all parties must be completely diverse and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Here, the Complaint alleges this is an action for damages "to be in excess of $75,000.00 exclusive of costs and interest." (Doc. # 1 at ¶ 2). However, the parties' citizenship is not clear based on the Complaint. The Complaint alleges that Defendant, Hillsborough LLC, is a limited liability company formed under the laws of Florida with its principal place of business in Hillsborough County, Florida. (Doc. # 1 at ¶ 4). However, the Complaint fails to provide information about Hillsborough LLC necessary for the Court to determine whether the requirements of complete diversity have been satisfied. A limited liability company is a business entity which can be comprised of multiple members or partners. In order for a complaint "to sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the

citizenships of all the members of the limited liability company."
See Rolling Greens MHP, L.P. Comcast SCH Holdings LLC, 374 F3d 1020, 1022 (11th Cir. 2004). Without knowing the citizenship of the individual members, the Court is unable to determine whether the requirements of complete diversity have been satisfied.

Additionally, the Complaint fails to properly state the citizenship of the individual Defendants: David Davidson, Deborah Denton Stearns, and Danny Stearns. The Complaint states that these Defendant are "residents" of Hillsborough County, Florida, rather than indicating that they are citizens of Florida. (Doc. # 1 at ¶ 5-7). As explained in Molinos Valle Del Cibao, C. por A. V. Lama, 63 F. 3d 1330, 1342 n.12 (11th Cir. 2011), a complaint must allege citizenship, not residence, to establish diversity for a natural person.

Accordingly, the Court directs Plaintiff to file an Amended Complaint alleging the identity and citizenship of every member of Hillsborough, LLC and properly alleging the citizenship of each individual Defendant by **June 21, 2018**. Failure to do so will result in the entry of an Order dismissing this case for lack of jurisdiction. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268 (11th Cir. 2013)("When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists. Those allegations, when

federal jurisdiction is invoked based on diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant . . . . Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff is directed to file an Amended Complaint containing appropriate jurisdictional allegations, consistent with the foregoing, by **June 21, 2018.** Failure to do so will result in the entry of an Order dismissing this case for lack of jurisdiction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of June, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE