UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COVINGTON SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                            CASE NO. 8:18-cv-1299-T-02SPF

HILLSBOROUGH, LLC d/b/a Riverside
Villa Apartments, DAVID DAVIDSON,
DEBORAH DENTON STEARNS, and
DANNY STEARNS,

    Defendants.
_____/

## **O R D E R**

Plaintiff Covington Specialty Insurance Company seeks a declaration that it owes no duty to defend or indemnify its insured in an underlying tort suit. Dkt. 9. This matter comes before the Court upon Plaintiff Covington's Motion for Summary Judgment. Dkt. 45. The Defendants have responded. Dkts. 47, 48. The motion is granted as to Covington's duty to defend and indemnify. The motion is denied as to Covington's demand for a reimbursement of previously-expended defense costs and fees.

In this case, the plaintiffs in the underlying tort suit (Mr. and Mrs. Stearns) sued their apartment complex (Hillsborough LLC) and its owner (Mr. Davidson) for personal injury. The cause of injury (mold/fungal infections) was not well-described in the underlying complaint, most likely for insurance coverage reasons. Dkt. 1-2.

Covington, the apartment complex's insurer, defended under a reservation of rights. Dkt. 45-1. The Covington policy at issue (VBA296737 00) clearly excludes coverage for mold/fungal liability.[1] This exclusion is now fairly commonplace and has been litigated elsewhere. *Empire Indem. Ins. Co. v. Winsett*, 325 F. App'x 849,

---

[1]
> This insurance does not apply to . . . "[b]odily injury", "property damage" . . . which would not have occurred, in whole or in part, but for the actual, alleged, or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi", bacteria, or mold on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such "bodily injury", "property damage". . . .
>
> [This insurance does not apply to] Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi", bacteria or mold, by any insured or by any other person or entity.

Dkt. 9 at 34, 38, 54.

850-52 (11th Cir. 2009); *Rolyn Cos. v. R & J Sales of Tex., Inc.*, 671 F. Supp. 2d 1314, 1332-33 (S.D. Fla. 2009).

Discovery in the underlying suit revealed that the alleged damages sought there are based on mold/fungal infections that caused damage to Mrs. Stearns' lung and kidneys. *See* Dkt. 45 at 2-3 (summarizing evidence); Dkt. 47 at 7 (noting that mold injured Mrs. Stearns); Dkt. 48 at 4 (noting that Mrs. Stearns and her treating physicians have testified that mold caused her lung infection and damages). The site of the mold contamination that infected Mrs. Stearns is alleged to be the rental apartment. Dkt. 1-2.

Although Florida law requires policy exclusions to be read narrowly, *Gen. Star Indem. Co. v. W. Fla. Village Inn, Inc.*, 874 So. 2d 26, 30 (Fla. 2d DCA 2004), the facts here are uncontested. The Stearnses contend they were injured by mold/fungi infection from their apartment. The policy simply does not cover mold/fungi infection. Although Hillsborough LLC and Mr. Davidson contend that Mrs. Stearns' mold infection likely came from elsewhere and the Stearnses argue that there is no evidence as to the "delivery device" of the mold, that is not relevant. This case is about a mold infection alleged from a damp apartment: Covington simply does not cover such mold/fungi liability in this policy. Covington has no duty to indemnify the apartment complex and its owner for premises mold/fungi

claims.  And the duty to defend has ended since the gravamen of the complaint is now very clear: Mrs. Stearns claims Hillsborough LLC's leaky apartment infected her lungs with mold/fungus (a fact the Stearnses failed to mention in their vaguely worded complaint and that clearly takes the Stearnses' claims outside the coverage of this policy).  *See*, *e.g.*, *Underwriters at Lloyds London v. STD Enters., Inc.*, 395 F. Supp. 2d 1142, 1151 (M.D. Fla. 2005).

Covington's prayer for reimbursement of its costs and fees incurred in the underlying suit is denied.  The matter is not sufficiently preserved under Florida law.  *See Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.,* No. 8:05-cv-280-T-30, 2006 WL 1823562 at *9 (M.D. Fla. June 30, 2006); *Underwriters*, 395 F. Supp. 2d at 1150; *Wendy's of N.E. Fla. v. Vandergriff*, 865 So. 2d 520, 522 (Fla. 1st DCA 2003); *Colony Ins. Co. v. G & E Tires & Serv., Inc.*, 777 So. 2d 1034, 1038-39 (Fla. 1st DCA 2000).  The duty to defend actually arose from the four corners of the (rather vaguely drafted) complaint.  Covington's reservation of rights acknowledged this, and did not expressly reserve future reimbursement of fees/costs, with the option of the insureds to accept or reject this defense.  Dkt. 45-1.  Covington then defended until the case discovery clearly showed the alleged cause of injury is mold/fungal infection at the apartment.  On these facts, Covington's request to recover costs and fees is due to be denied.  *See Wendy's*, *supra*.

Because no coverage or defense is due Hillsborough LLC or Mr. Davidson under the Covington policy at issue, in light of this summary judgment, the Court dismisses Hillsborough LLC's counterclaim (Dkt. 33) which sought a declaration of coverage. The Court finds that Covington has no duty to indemnify or defend Hillsborough LLC or Mr. Davidson in the underlying suit brought by the Stearnses.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

1) Plaintiff Covington's Motion for Summary Judgment (Dkt. 45) is granted in part and denied in part.

2) The Clerk is directed to enter a declaratory judgment in favor of Plaintiff Covington providing that Covington has no duty to indemnify or defend Hillsborough LLC or Mr. Davidson in the underlying suit brought by the Stearnses.

3) The Clerk is directed to terminate any pending motions/deadlines and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 20, 2019.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record